UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERMAIN WRIGHT,

    Plaintiff,

v.                                             Case No. 3:14cv497/MCR/CJK

JULIA ROBERTSON, DEPENDENCY
CASE MANAGER; JESSICA GIBSON,
DEPENDENCY CASE MANAGER
SUPERVISOR,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    On October 31, 2014, the undersigned entered an order advising plaintiff that it appeared that his complaint, which was filed under 42 U.S.C. § 1983, failed to state a viable claim for relief against the defendants (doc. 6). The undersigned specified the deficiencies in plaintiff's complaint and allowed plaintiff an opportunity to file an amended complaint. Plaintiff filed an amended complaint on December 29, 2014 (doc. 9). It, too, was deficient. The undersigned thus entered another order on April 2, 2015, advising plaintiff of the deficiencies in his amended complaint (doc. 12). The undersigned allowed plaintiff thirty days in which to file either a notice of voluntary dismissal or a second amended civil rights complaint. After more than

thirty days passed and plaintiff failed to comply with the undersigned's order, the undersigned entered an order directing plaintiff to show cause within fourteen days why the case should not be dismissed for failure to prosecute and/or failure to comply with an order of the court.  More than fourteen days have passed and plaintiff has not responded to the show cause order.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and/or failure to comply with an order of the court.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 2nd day of July, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No. 3:14cv497/MCR/CJK